## Commonwealth v. Sherman

*Bernard E. DiJoseph,* assistant district attorney, for Commonwealth.

*L. Stanley Mauger* and *Benjamin R. Donolow,* for defendant.

CORSON, J., May 22, 1950.—The more or less admitted facts in this case are as follows: On February

14, 1950, one David R. Clement was found dead in Haverford, Pa., under conditions clearly indicating that he had been a victim of homicide. On February 26, 1950, defendant, petitioner herein, voluntarily gave a written and signed statement to the Lower Merion police. On February 27, 1950, another typewritten and signed statement was given by defendant to the police. Defendant was thereafter committed for trial to the Montgomery County Prison.

On March 17, 1950, while so incarcerated, defendant, in his own handwriting, wrote a third voluntary statement which he signed and delivered to the authorities.

On March 17, 1950, counsel was retained for defendant by members of his family. Such counsel visited defendant for the first time on March 18th. On March 22nd, defendant, again in his own handwriting, wrote a fourth statement which was delivered through his counsel to the district attorney's office. The fourth statement reads as follows:

"I, Robert Allen Robinson Sherman, being of sound mind and perfectly coherent, do make the following statement.

"On Friday, March 17th, (3-17-50) at my request the warden called Captain Shaffer. I told Captain Shaffer a pack of lies, trying to help myself. These lies were prepared and the deception started on Wednesday, March 15th (3-15-50) when I hinted and said certain things to my mother, knowing her to be honest and also knowing that I have never seriously lied to her, that she would go to the police even though I told her not to. I believe she did.

"I also believe that if Captain Shaffer, and Mr. Weber are asked they would be able to say that I was trying to 'sound them down' about a break if I made an additional statement. My only answer to these queries was this: 'The truth will always help itself.'

"I made the (2nd) second statement anyhow And now feel its wrath Everything I said in the second statement (2nd) concerning Stone, where I implied he helped or did carry out the death act on David R. Clement are false.

"As for the fountain pen and silver dollar.

"I gave him the pen and told him I had *no* need for it as my Mother had just given me a set (which Captain Shaffer has at his office) and I gave him the silver dollar as I know he saves coins it wasn't the first coin I gave him either.

"So I am on my own telling the honest truth when I say all Stone knows about the case is what he read in the papers and please for justice sake let this statement be heard and believed. He told the truth."

Defendant's counsel, on April 21, 1950, filed the present petition seeking to compel the district attorney to allow counsel for defendant to inspect the statements made by defendant to the police on February 26 and 27, and March 17, 1950. Counsel contends that defendant is unable to remember what he said in these statements and therefore desires such right of inspection. The fourth statement is not sought since it was made by defendant through his own counsel. Defendant, in such fourth statement, treats the statements made on February 26th and 27th as one statement and refers to them as his first statement. He considers his statement of March 17th as his second statement and his last statement as his third statement. We shall refer to them, therefore, in the same way.

Defendant, in his third statement made on March 22nd, thoroughly indicates his recollection of his first statement made on March 17th and 18th. If the question is considered as a matter within the discretion of the court it would seem that the petition, for this reason, should be dismissed. We feel, however, that under the present state of the law it is not within the

discretionary power of this court to force the district attorney to turn over these statements to defendant's counsel for his inspection. The question has already been passed upon in this county in the case of Commonwealth v. McQuiston, 56 D. & C. 533 (1946). No statute or appellate decision to the contrary in the State of Pennsylvania has been cited by petitioner. Since there is no statute governing the question, the common law governs and admittedly at common law "no right of inspection of documents before a trial was conceded to the accused": 6 Wigmore, Evidence §1859 (*g*). See also 2 Wharton, Criminal Evidence §§1311, 1312.

Petitioner contends that under Rule 16 of the Federal Rules of Procedure, this privilege is allowed to defendants in Federal courts. The contrary, however, is clearly held in the case of Shores v. U. S., 174 F. (2d) 838, 843 (1949).

Defendant, in a second petition, has sought to compel the Coroner of Montgomery County to produce "copies of his findings", a copy of which is alleged to have been given to the district attorney, but that the coroner refuses to furnish copies of such findings to petitioner. Almost concurrently with the filing of the petition the coroner did furnish to defendant's counsel copies of the testimony of the entire proceedings at the coroner's inquest.

Any so-called "findings" by the coroner should appear in such testimony of the proceedings and there is no contention by defendant to the contrary. The "findings" at a coroner's inquest are usually made by a coroner's jury, but, since counsel has received the testimony, certainly the findings of either the coroner or the jury should appear therein.

And now, May 22, 1950, for the reasons given in the foregoing opinion, the two petitions hereinbefore referred to are dismissed and the rules granted thereon discharged.